# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-563V
Filed: March 10, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| WILLIAM JAKE BROOKS and MONICA LYNN BROOKS, as the legal representatives of their minor son, C.B., * * * | |
| Petitioners, * * | Damages Decision; Rotavirus Vaccine; Intussusception; |
| v. * * * | Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, * * * | |
| Respondent. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Curtis R. Webb*, Twin Falls, ID, for petitioners.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 2, 2014, William Jake Brooks and Monica Lynn Brooks ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") on behalf of their minor son, C.B. The petition alleges that as a result of a rotavirus vaccination on July 8, 2011, C.B. suffered an intussusception, bowel resection, and sequela. Petition at 1-3.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2014, a ruling on entitlement was issued by former Chief Special Master Vowell, finding petitioners entitled to compensation for C.B.'s intussusception. Ruling on Entitlement, filed Nov. 4, 2014 (ECF No. 15).

On January 21, 2016, petitioners filed a status report indicating that the parties had reached an agreement pertaining to an award for petitioners' past unreimbursed expenses. Status Report, filed Jan. 21, 2016 (ECF No. 43). The status report indicated that respondent did not object to an award of $9,500.00 for past unreimbursed expenses, and petitioners agreed that an award of $9,500.00 for their past unreimbursed expenses would be reasonable. Id.

On February 26, 2016, the undersigned issued a Ruling on Pain and Suffering, at the request of the parties, finding that $144,000.00 represents a fair and appropriate amount of compensation for C.B.'s past pain and suffering. Ruling on Pain and Suffering, filed Feb. 26, 2016, at 6. (ECF No. 44). The undersigned further found that an award of $1000.00 per year over a seventy year life expectancy ($70,000.00) is a fair and appropriate amount of compensation for C.B.'s future pain and suffering. Id. The undersigned requested the parties file a joint status report converting the undersigned's award of future pain and suffering to the net present value and indicating whether any other damages items remain outstanding or if this claim is ripe for a decision on damages. Id. at 6-7.

Petitioners filed a joint status report on behalf of the parties on March 4, 2016. Joint Status Report, filed March 4, 2016 (ECF No. 45). The status report indicates that the net present value of the undersigned's award of future pain and suffering is $38,248.00. Id. The status report further indicates that "[n]o other damages items remain outstanding," and that "[t]his matter is ripe for a decision on damages." Id.

Based on the record as a whole, and pursuant to the undersigned's Ruling on Pain and Suffering, the undersigned finds that petitioners are entitled to an award as ordered below.[3]

**A. The undersigned awards a lump sum payment of $182,248.00 which represents compensation for actual pain and suffering ($144,000.00), and projected pain and suffering ($38,248.00), to petitioners as guardians/conservators of C.B.'s estate.**

**B. The undersigned awards a lump sum payment of $9,500.00 for past unreimbursable expenses, in the form of a check payable to petitioners.**

**These amounts represent compensation for all damages that would be available under § 300aa-15(a).**

---

[3] An OSM staff attorney contacted the parties' counsel, by email communication, on March 10, 2016 to confirm that the parties agree the form of the award, as set forth above, is correct. The parties' counsel both agreed.

      The clerk of the court is directed to enter judgment in accordance with this decision.[4]


**IT IS SO ORDERED.**

                                                **s/ Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.