# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-563V
Filed: April 20, 2017

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| WILLIAM JAKE BROOKS and \*<br>MONICA LYNN BROOKS, as the legal \*<br>representatives of their minor son, C.B., \*<br>                                    \*<br>        Petitioners, \*<br>                                     \*<br>v.                                   \*<br>                                     \*<br>SECRETARY OF HEALTH              \*<br>AND HUMAN SERVICES,             \*<br>                                     \*<br>        Respondent. \*| Attorneys' Fees and Costs;<br>Special Processing Unit ("SPU") |

* * * * * * * * * * * * * * * * * * * * * * * *

*Curtis R. Webb*, Twin Falls, ID, for petitioners.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

      On July 2, 2014, William Jake Brooks and Monica Lynn Brooks ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") on behalf of their minor son, C.B. The petition alleges that as a result of a rotavirus vaccination on July 8, 2011, C.B. suffered an intussusception, bowel resection, and sequela. Petition at 1-3.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2014, a ruling on entitlement was issued finding petitioners entitled to compensation for C.B.'s intussusception.  (ECF No. 15).  Thereafter, the undersigned issued a ruling on pain and suffering on February 26, 2016.  (ECF No. 44).  On March 10, 2016, the undersigned issued a decision awarding compensation to petitioners as guardians/conservators of C.B.'s estate in the amount of $182,248.00 representing C.B.'s past and future pain and suffering, as well as $9,500.00 to petitioners representing compensation for their unreimbursable expenses.  (ECF No. 46).

Currently, before the undersigned is petitioners' third amended motion for attorneys' fees and costs filed January 12, 2017.  (ECF No. 60).  Petitioners request a total award of attorneys' fees and costs of $81,444.02.  (*Id.* at 2-3).  For the reasons discussed below the undersigned reduces petitioners' fees and costs and awards petitioners a total of $77,683.62 in attorneys' fees and costs.

## I.     Procedural history of petitioners' request for attorneys' fees and costs:

On April 1, 2016, petitioners filed a motion for attorneys' fees and costs which included $37,570.50 in attorneys' fees and $415.86 in litigation costs payable to petitioners' counsel of record, Curtis. R. Webb, for a total of $37,986.36.  (ECF No. 47 at 1-2.).  Petitioners' request for Mr. Webb's attorneys' fees was based upon a requested rate of $285 an hour for work performed in 2014-2015; and $300.00 an hour for work performed in 2016.  (*Id.* at 1, 4).  Petitioners also requested $10,234.50 in attorneys' fees and $2,185.96 in attorneys' litigation costs payable to petitioners' counsel, Kristin Houser, for a total of $12,420.46.  Petitioners' request for Ms. Houser's attorneys' fees was based upon a requested rate of $387.50 an hour for all work performed by Ms. Houser; and $135.00 an hour for all work performed by Ms. Houser's paralegal.  (*Id.* at 7-8).  Petitioners sought a total attorneys' fees and costs award of $50,406.82.

On April 18, 2016, respondent's counsel filed a response to petitioners' motion which indicated that "neither the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs."  (ECF No. 48 at 1-2).  Nonetheless, respondent also noted that:

> Respondent's estimation of reasonable attorneys' fees and costs for the present case roughly falls between $23,000.00 and $25,000.00. This range is based upon respondent's judgment and experience in similar cases under the Vaccine Act, and represents her "overall sense" of what is reasonable for the work done in this case.

(*Id.* at fn. 1).  Respondent offered no evidence in support of her range, and recommended that the undersigned "exercise her broad discretion, and determine the reasonable award for petitioners' attorneys' fees and costs in this case."  (*Id.* at 4).

On April 28, 2016, petitioners filed a reply contending that petitioners' counsels' fees should be determined using the lodestar approach, and arguing that the instant

2

claim is not "'similar' to other cases in which petitioners have sought compensation for a rotavirus related intussusception." (ECF No. 50 at 1-2).

Thereafter, on April 29, 2016, Special Master Gowen issued a decision in *Garrison v. Sec'y of Health and Human Services,* in which he found that Mr. Webb should receive a forum hourly rate of $387.50 per hour for work performed in 2014-2015.  *Garrison v. Sec'y of Health and Human Services,* No. 14-762, 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016) *mot. for review denied,* 128 Fed. Cl. 99 (Aug. 17, 2016).

On May 10, 2016, petitioners filed an Amended Motion for Attorneys' Fees and Costs requesting an hourly rate for Mr. Webb, consistent with the decision in *Garrison*, of $387.50 per hour for work performed in 2014 and 2015, and $409 per hour for work performed in 2016. (ECF No. 52).  Petitioners also requested fees for additional work performed by Mr. Webb not included in the original motion. (*Id.* at 2, 9.).[3]

On September 23, 2016, petitioners filed a Second Amended Motion for Attorneys' Fees and Costs requesting $450.00 in additional costs to establish a conservatorship, and $6,623.95 in additional costs for a surety bond required to establish the conservatorship.  (ECF No. 56).  On December 14, 2016, a status conference was convened by the undersigned to discuss petitioners' request for reimbursement of costs to acquire the surety bond and establish the conservatorship. (ECF No. 59).

On January 12, 2017, petitioners filed a Third Amended Motion for Attorneys' Fees and Costs requesting additional fees for further work performed by Mr. Webb. (ECF No. 60 at 1-2).  On January 13, 2017, petitioners filed additional information related to the conservatorship and required surety bond as ordered by the undersigned. (ECF No. 61).  Respondent filed no response to petitioners' amended motions.

Accordingly, petitioners' Third Amended Motion for Attorneys' Fees and Costs is ripe for ruling.  Petitioners' request $61,533.75 in attorneys' fees for work performed by attorney Curtis Webb, and $415.86 in attorney costs incurred by Mr. Webb.  Petitioners further request $10,234.50 in fees incurred by attorney Kristin Houser, and her paralegal, and $2,185.96 in attorney costs incurred by Ms. Houser.  Finally, petitioners request $7,073.95 in costs personally incurred to establish the conservatorship, including the cost of the surety bond. (ECF 60 at 2-3).  Petitioners' request a total attorneys' fees and costs award of $81,444.02.[4]  (*Id.* at 3).

---

[3] The undersigned notes that petitioners' Amended Motion omits a duplicate billing entry by Mr. Webb from February 26, 2016 contained in the first Motion.  (ECF 47-1 at 10).  The undersigned further notes that petitioners' Amended Motion contains an error in the body of the Amended Motion in regard to the number of hours Mr. Webb incurred in this claim in 2016.  The Amended Motion indicates Mr. Webb incurred 24.9 hours corresponding to $10,184.10.  (ECF No. 52 at 2).  However, a review of Mr. Webb's billing records indicates he performed 24.3 hours of work between January 4, 2016 and April 27, 2016. (ECF No. 52-1 at 9-11).

[4] This amount includes the erroneous .6 hours noted in fn 3, *supra.*

3

## II.  Determining Appropriate Fees and Costs:

Since the petition for compensation was successful, the undersigned will award *reasonable* attorneys' fees and costs to petitioner.  42 U.S.C. § 300aa–15(e)(1) (emphasis added).  Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach.  *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1347-48 (Fed. Cir. 2008.)

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.,* 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Wasson,* 24 Cl. Ct. at 484.  Notwithstanding respondent's failure to raise any specific objections to petitioners' fee application, "the Special Master has an independent responsibility to satisfy [herself] that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, 2008 WL 4743493 (Fed. Cl. 2008).  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that [she] might go beyond the particularized list of respondent's challenges."  *Id.*

### A. Determining the Appropriate Hourly Rates:

The appropriate hourly rate for counsel in Vaccine Act litigation is the forum rate, unless the so-called "*Davis* exception" applies.  *Avera,* 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA,* 169 F.3d 755 (D.C.Cir.1999)); *see also Rodriguez v. Sec'y of Health & Human Servs.,* 632 F.3d 1381, 1384 (Fed.Cir.2011) (affirming a determination of the forum rate in Vaccine Act cases).

In accordance with *Garrison v. Sec'y of Health & Human Servs.,* No. 14-0762 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *aff'd,* 128 Fed. Cl. 99, 2016 WL 4784054 (Aug. 17, 2016), the undersigned awards Mr. Webb the hourly rate of $387.50 per hour for work performed in 2014 and 2015 and $409.00 per hour for work performed in 2016 and 2017.  *See also Hendricks v. Sec'y of Health and Human Services,* No. 15-850, 2016 WL 8376855 (Fed. Cl. Spec. Mstr. Nov. 9, 2016)( the undersigned awards Mr. Webb attorneys' fees at a rate of $387.50 per hour for work performed in 2015, and $409 per hour for work performed in 2016 relying upon *Garrison*).  Additionally, the

undersigned finds the rates requested by Ms. Houser and her paralegal reasonable and appropriate.

### B. Determining the Appropriate Number of Hours in This Case:

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary' based on his or her experience or judgment." *Hocraffer v. Sec'y of Health & Human Servs.*, 2011 WL 6292218, *3 (Fed. Cl. 2011). The fee applicant bears the burden of documenting hours that are reasonable and the special master is not obligated to evaluate a fees petition on a line-by-line basis. *Id.* at *3, 13. Rather, particularly where billing entries are cryptic or inadequately described,[5] the Special Master may determine whether the claimed hours are reasonable based on her experience and the context of the Vaccine Program. *Wasson*, 24 Cl. Ct. at 483-84. That is, special masters are permitted to use "a global – rather than line-by-line – approach to determine the reasonable number of hours expended." *Hocraffer*, 2011 WL 6292218, *13.

As an initial matter the undersigned finds that the instant claim was not complex in terms of establishing entitlement to compensation under the Vaccine Act. Respondent conceded petitioners' entitlement to compensation in a Rule 4(c) Report field on November 3, 2014, less than thirty days subsequent to the filing of petitioners' Statement of Completion representing all necessary medical records and affidavits as filed. However, a determination of petitioners' damages, particularly for C.B.'s pain and suffering, was much more complicated and required extensive efforts by counsel and, after briefing by the parties, a ruling by the undersigned. Accordingly, the undersigned notes that the fees awarded in this claim are greater than the typical award for a claim processed in the Special Processing Unit.

#### 1. Hours Expended by Attorney Curtis Webb

In this case, petitioners' counsel, Curtis Webb, is requesting compensation for a total of 156.3 hours. (ECF No. 60 at 2). The undersigned reduces Mr. Webb's hours by .6, or $245.40,[6] to account for the difference between the 24.9 hours of time requested for Mr. Webb's work, (ECF No. 52 at 2), and the 24.3 hours of time billed for Mr. Webb's work (ECF No. 52-1 at 9-11), between January 4, 2016 and April 27, 2016. *Supra* fn 3. The undersigned otherwise finds the hours expended by Mr. Webb to be

---

[5] Attorneys are cautioned about such billing practices in the *Guidelines for Practice Under the National Vaccine Injury Compensation Program* (available on the court's website at http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf). Section X, Chapter 3, explains the requirements of an application for fees and costs, including the instruction that "[c]ontemporaneous time records should indicate the date and specific character of the service performed." *Vaccine Guidelines*, p. 68. Attorneys are further advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Id.*

[6] Mr. Webb's 2016 hourly rate is $409. Thus, .6 hours multiplied by $409 equals $245.40.

5

reasonable, particularly in light of the complicated nature of the damages in this claim, and awards Mr. Webb a total of $61,288.35.[7]  This amount reflects 111.3 hours for 2014 and 2015 billed at $387.50 per hour, and 44.4 hours for 2016 and 2017 billed at $409.00 per hour.

### 2. **Hours Expended by Attorney Kristin Houser, and Paralegal**

Attorney Kristin Houser is requesting compensation for a total of 8.4 hours.  (ECF No. 60 at 2).  The undersigned has reviewed the billing records associated with Ms. Houser's work and finds her time expended on this claim reasonable.

Ms. Houser's paralegal, Shelly Smith Jones, is requesting compensation for 51.7 hours of time.  (*Id.*)  The undersigned has reviewed the billing records associated with Ms. Jones' work and finds her time must be reduced.

The undersigned's review of Ms. Jones' billing records finds 23.5 hours, or $3,172.50, representing time billed only as "Research," "Organizing file," or "Org. file. Email to HRSA."[8]  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez,* 2009 WL 2568468, at *8.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *See, e.g. Broekelschen v. Sec'y of Health & Human Servs.*, No 07-137V, 2008 WL 5456319, at *4-5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008).  The undersigned finds that these billing entries are excessive in light of the total number of hours billed in this claim and too vague to evaluate and to determine if reasonable.[9]  Moreover, some entries constitute block billing.  Petitioners have failed to explain why these entries are relevant or reasonable, and thus the undersigned will not award compensation for this time.  Accordingly, the undersigned deducts 23.5 hours, or $3,172.50, of time billed by Ms. Jones.  The undersigned finds reasonable and awards Kristin Houser total attorneys'

---

[7] However, the undersigned notes that Mr. Webb frequently groups multiple activities into single time entries.  This is frowned upon and makes a line-by-line analysis nearly impossible. *See, e.g. Riggins. v. Sec'y of Health & Human Servs.,* 99-382V, 2009 WL 3319818, *23-24.  (Fed. Cl. Spec. Mstr. June 15, 2009).  The undersigned may reduce any future request by Mr. Webb for attorneys' fees where he continues to engage in this practice of grouping multiple activities into the same single time entry.

[8] This time corresponds to Ms. Jones' billing entries on 5/16/12, 5/17/12, 5/18/12, 5/22/12, 5/24/12, and 3/8/13.  (ECF No. 47-1 at 14-15).  These entries total 23.5 hours and were billed at $135.00 per hour.  Thus, the total billing for these entries is $3,172.50.

[9] Additionally, the undersigned finds the time spent performing "research" particularly excessive in light of other billing entries for research activities performed in this claim which were adequately described.

fees of $7,062.00[10] representing fees incurred by both Ms. Houser and Ms. Jones.

### III. Petitioners' Costs

Petitioners request $415.86 in costs incurred by petitioners' counsel of record, Mr. Webb. The undersigned reviewed these costs and finds them reasonable and accordingly awards these costs in full.

Petitioners' further request $2,185.96 in costs incurred by petitioners' counsel, Ms. Houser. These costs include consultation fees for two pediatric gastroenterologists, Dr. Eric Hassall and Dr. Simon Horslen. (ECF No. 47 at 8). Dr. Horslen evaluated C.B. in December 2014 and provided an assessment in regard to C.B.'s recovery and future medical needs which was helpful to the undersigned's finding in regard to pain and suffering and therefore assisted in the resolution of this claim. Dr. Horslen charged petitioners his patient rate, as opposed to his expert rate, of $276.00[11] for his consultation and a $125.00 facility fee. The undersigned finds the costs for Dr. Horlsen's services reasonable. (ECF No. 47 at 8; ECF No. 47-1 at 21, 23).

Dr. Hassall charged $650 an hour, for 2.25 hours of his time spent consulting with Ms. Houser, regarding this claim for a total request of $1,462.50. (ECF No. 47 at 8; ECF No. 47-1 at 22). Petitioners offer no evidence to support Dr. Hassall's extremely high consultant rate of $650.00, other than Mr. Webb's representation that "he provided valuable guidance for a reasonable overall charge." [12] The undersigned reduces Dr. Hassall's rate to $500.00 per hour for a total of $1,125.00 representing Ms. Houser's costs for Dr. Hassall's evaluation. The undersigned notes that based on her experience this is a very generous rate for the consulting services provided by Dr. Hassall which did not include any testimony or an expert report filed with the court. *Simon v. Sec'y of Health & Human Servs*, No. 05-941V, 2008 WL 623833, at *8 (Fed. Cl. Spec. Mstr. Feb. 21, 2008)(finding expert with unique credentials, expertise and knowledge, entitled to a rate of $500.00 an hour for his time billed as a medical expert, but finding $300 an hour appropriate for the same expert's time spent as a consultant to counsel."). While Dr.

---

[10] This amount reflects 8.4 hours billed by Ms. Houser at $387.50 per hour, totaling $3,255.00, plus 28.2 hours billed by Ms. Jones, reduced from 51.7 hours, and billed at $135.00 per hour, which amounts to $3,807.00.

[11] It is not clear whether this reflects an hourly rate or a flat rate. The undersigned finds it reasonable in either event.

[12] Mr. Webb further represents that

> "Ms. Houser had worked with Dr. Hassall in medical malpractice cases. He reviewed C.B.'s medical records to assess C.B.'s long-term prognosis. He informed Ms. Houser that C.B.'s bowel function would improve as he got older, but did not feel comfortable opining on how much it would improve or how soon it would improve without seeing C.B. He recommended that a pediatric gastroenterologist from Seattle (where C.B. and his parents had previously lived and his maternal grandparents now live) evaluate C.B."

(ECF No. 47 at 8-9).

Hassall did not testify or produce an expert opinion filed with the court, he did utilize his expertise to efficiently review C.B.'s medical records and offer guidance helpful to counsel and, therefore, a rate of $500.00 per hour is reasonable for the service he provided Ms. Houser.

Petitioners are also seeking $5.00 for costs incurred by Ms. Houser to obtain a certificate of good standing from Washington State Supreme Court. (ECF No. 47-1 at 17). This cost is not explained, and in any event is not likely a recoverable cost. *See, e.g., Velting v. HHS*, No. 90-1432, 1996 WL 937626, at *1-2 (Fed. Cl. Spec. Mstr. Sept. 24, 1996). Accordingly, the undersigned reduces Ms. Houser's requested costs by $342.50, [13] and awards Ms. Houser a total of $1,843.46 in costs.

Finally, petitioners' request $7,073.95 in costs personally incurred to establish the conservatorship, including the cost of a surety bond. [14] (ECF 60 at 2-3). The cost of a surety bond has been found reimbursable where "it was incurred necessarily to comply with the requirement that petitioners establish a conservatorship." *Sucher v. Sec'y of Health & Human Servs.*, No. 07-58V, 2012 WL 1030028, at *3 (Fed. Cl. Spec. Mstr. March 2, 2012). As the parties agree the conservatorship was necessary to effectuate the award in this claim, and the surety bond was required in order to establish the conservatorship, the undersigned finds petitioners' request of $7,073.95 in personally incurred costs reasonable.[15] (ECF No. 59, ECF No. 61-1 (Exhibit 17- petitioners' letters of conservatorship), ECF No. 61-2 (Exhibit 18 - additional documents pertaining to the conservatorship), ECF No. 61-3 (Exhibit 19 - affidavit of petitioner, Monica Brooks, and other evidence, concerning the cost of the conservatorship bond)).

### IV.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above.

---

[13] This amount reflects the total of $337.50 reduced from Dr. Hassall's invoice (the difference between 2.25 hours billed at $650 per hour and $500.00 per hour) and $5.00 for the cost of Ms. Houser's certificate of good standing.

[14] A statement was filed on October 31, 2016, in accordance with General Order No. 9, indicating that petitioners had borne no costs in pursuit of this claim. (ECF No. 58-1). Notwithstanding petitioners' Statement that they had incurred no costs, petitioners' Second Motion contained evidence they incurred costs of $450.00 in attorney fees to establish a conservatorship (ECF No. 56 at 5, ECF No. 56-2), and would incur costs of $6,623.95 to purchase a surety bond required to establish the conservatorship (ECF No. 56 at 5, ECF No. 56-1). Thereafter, petitioners filed evidence on January 12, 2017 indicating they obtained the conservatorship, Exhibits 17-18 (ECF Nos. 61-1 and 61-2), and incurred $6,623.95 in costs for a surety bond required to obtain the conservatorship, Exhibit (ECF No. 61-3).

[15] Petitioners further offered evidence that the high cost of surety bond was not a question as to petitioners' creditworthiness but rather a result of the 13 year long term of the bond.


**Accordingly, the undersigned awards the total of $77,683.62[16] as follows:**

- **A lump sum of $61,704.21, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Curtis R. Webb;**

- **A lump sum of $8,905.46, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel, Kristin Houser.**

- **A lump sum of $7,073.95, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners.**

The clerk of the court shall enter judgment in accordance herewith.[17]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

</div>

---

[16] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[17] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.